E-FILED
Monday, 06 January, 2020 11:38:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DWIGHT LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-CV-3195 |
| | ) | |
| TERRY MARTIN, WEXFORD | ) | |
| HEALTH SOURCES, INC., | ) | |
| CRAIG FOSTER, DR. FRANCIS | ) | |
| KAYIRA, DR. LOUIS SHICKER, | ) | |
| WHITE, T. MASKE, S. HOWARD, | ) | |
| K. BARBEE, | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

**COLIN STIRLING BRUCE, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his incarceration in Graham

Correctional Center. His Complaint is before the Court for a merit

review pursuant to 28 U.S.C. § 1915A.  This section requires the

Court to identify cognizable claims stated by the Complaint or

dismiss claims that are not cognizable.[1]  In reviewing the complaint,

the Court accepts the factual allegations as true, liberally

construing them in Plaintiff's favor and taking Plaintiff's pro se

---

[1] A prisoner  who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

status into account.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he began seeing blood in his urine in October 24, 2016, which continued for months.  After various alleged delays and extreme pain, Plaintiff received two surgeries in January 2017 and one in February 2017, both of which were unsuccessful.  The surgeon's prescription orders were not followed, and Plaintiff continued to experience pain and blood in his urine. On April 19, 2017, Plaintiff went to healthcare because of the extreme pain.  Defendants Martin and Barbee (both medical technicians) allegedly "had issues" with Plaintiff because of Plaintiff's complaining about this problem.  Plaintiff was refused care and fell as he walked out of the healthcare unit.  Defendant Martin told Plaintiff to "[G]et the fuck off the ground."  Defendant Martin then allegedly picked Plaintiff up and "body-slammed" Plaintiff into a wheelchair so hard that Plaintiff's rotator cuff was

torn, along with other injuries.  Plaintiff had shoulder surgery in November 2018.

Plaintiff states a plausible Eighth Amendment claim against Defendant Martin for excessive force and a claim for deliberate indifference to Plaintiff's serious medical need against Defendants Martin and Barbee.

However, no plausible claim is stated against the Warden Foster or Wexford Health Sources, Inc. on these allegations. Wexford Health Sources, Inc., cannot be liable unless a corporate policy or practice caused the alleged lack of medical care.  *See* Woodward v. Correctional Medical Services of Illinois, Inc., 368 F.3d 917 (7th Cir. 2004)(corporate policy must be moving force behind constitutional violation).  No reasonable inference arises on these allegations that a Wexford policy or practice caused the lack of medical care.  As for the Warden, as a layperson he was entitled to rely on the judgment of the treating professionals.  Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted).

Additionally, Plaintiff does not explain how the other Defendants (Dr. Kayira, Dr. Shicker, Correctional Officer White, Nurse Maske, and Director of Nursing Howard) were personally involved in the incident on April 19, 2017 or otherwise personally responsible for Plaintiff's alleged lack of medical care.  Kuhn v. Goodlaw, 678 F.3d. 552, 555 (7th Cir. 2012)("§ 1983 liability is premised on the wrongdoer's personal responsibility"); Matthews v. City of East St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)("To show personal involvement, the supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'")(quoted cite omitted); Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).  These defendants will be dismissed without prejudice to amendment.

**IT IS THEREFORE ORDERED:**

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following constitutional claims: (1) Eighth Amendment claim for excessive force against Defendant Martin; and, (2) Eighth Amendment claims for deliberate indifference to serious medical needs against

Defendants Martin and Barbee.  This case proceeds solely on the
claims identified in this paragraph.  Any additional claims shall not
be included in the case, except at the Court's discretion on motion
by a party for good cause shown or pursuant to Federal Rule of
Civil Procedure 15.

2)     This case is now in the process of service.  Plaintiff is
advised to wait until counsel has appeared for Defendants before
filing any motions, in order to give Defendants notice and an
opportunity to respond to those motions.  Motions filed before
Defendants' counsel has filed an appearance will generally be
denied as premature.  Plaintiff need not submit any evidence to the
Court at this time, unless otherwise directed by the Court.

3)     The Court will attempt service on Defendants by mailing
each Defendant a waiver of service.  Defendants have 60 days from
the date the waiver is sent to file an Answer.  If Defendants have not
filed Answers or appeared through counsel within 90 days of the
entry of this order, Plaintiff may file a motion requesting the status
of service.  After Defendants have been served, the Court will enter
an order setting discovery and dispositive motion deadlines.

4)      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)      Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6)      This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper

filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)    If a Defendants fails to sign and return a waiver of service
to the clerk within 30 days after the waiver is sent, the Court will
take appropriate steps to effect formal service through the U.S.
Marshal's service on that Defendant and will require that Defendant
to pay the full costs of formal service pursuant to Federal Rule of
Civil Procedure 4(d)(2).

10)   Within 10 days of receiving from Defendants' counsel an
authorization to release medical records, Plaintiff is directed to sign
and return the authorization to Defendants' counsel.

11)   **Plaintiff's motion for the Court to appoint counsel is
denied (6).**  The Court cannot order an attorney to accept pro bono
appointment on a civil case such as this.  Pruitt v. Mote, 503 F.3d
647, 653 (7th Cir. 2007). Plaintiff has made reasonable efforts to
find counsel, so the question is "whether the difficulty of the case—
factually and legally—exceeds the particular plaintiff's capacity as a
layperson to coherently present it to the judge or jury himself."
Pruitt, 503 F.3d at 655 (7th Cir. 2007).  On this record, Plaintiff
appears competent to proceed pro se.  He has taken some college
classes, and his filings  adequately convey the factual basis for his

claims.  Additionally, Plaintiff already has personal knowledge of many of the relevant facts underlying his claims.

12)   **Defendants Wexford Health Sources, Inc., Craig Foster, Francis Kayira, Louis Shicker, Officer White, Nurse Maske, and Director of Nursing Howard are dismissed without prejudice.  The clerk is directed to terminate said Defendants.**

13)   **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

14)    **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: 1/6/2020

FOR THE COURT:

　　　　　　　　**s/Colin Stirling Bruce**
　　　　　　　　COLIN STIRLING BRUCE
　　　　　　　　UNITED STATES DISTRICT JUDGE