IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DWIGHT LONG,<br><br>        Plaintiff,<br>v.<br><br>TERRY MARTIN, *et al*.,<br><br>        Defendants. | No. 19-C-03195<br><br>Honorable Colin Sterling Bruce |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Terry Martin and Kimberly Barbee, by and through their attorney, Kwame Raoul, Illinois Attorney General, hereby answer Plaintiff's Complaint as follows:

### ALLEGATIONS ENUMERATED IN COURT ORDER DATED JANUARY 6, 2020[1]

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states the following constitutional claims: (1) an Eighth Amendment claim for excessive force against Defendant Martin; and (2) Eighth Amendment claims for deliberate indifference to serious medical needs against Defendants Martin and Barbee.

**RESPONSE: Defendants deny that they violated Plaintiff's Eighth Amendment rights, and deny any wrongdoing whatsoever.**

### REQUESTED RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever.

### JURY DEMAND

Defendant requests a trial by jury in this matter.

### AFFIRMATIVE DEFENSES

---

[1] Pursuant to this Court's Merit Review Order [Dkt.10] and local rule 16.3(E)(2), *CDIL-LR*, the issues and claims will be limited to those identified in the Merit Review Order.

1.  To the extent that Plaintiff has failed to exhaust all administrative remedies, his claims are barred by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a).

2.  At all times relevant herein, Defendant acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

3.  Under the Eleventh Amendment, Plaintiff's claims for monetary damages against the Defendants in their official capacities is barred by sovereign immunity.

4.  To the extent Plaintiff's allegations require the invalidity of any sentence or discipline that resulted in the loss of good time credit, these allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Dated: May 18, 2020

KWAME RAOUL
Attorney General of Illinois

Respectfully Submitted,

*/s/ Nicholas S. Staley*
NICHOLAS S. STALEY

Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3953
nstaley@atg.state.il.us