E-FILED
Tuesday, 01 December, 2020  11:33:55 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DWIGHT LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-CV-3195 |
| | ) | |
| TERRY MARTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**COLIN STIRLING BRUCE, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his incarceration in Graham Correctional Center on a claim of excessive force against Defendant Martin and a claim of deliberate indifference to Plaintiff's serious medical needs against Defendants Martin and Barbee.  The Court summarized Plaintiff's allegations in the merit review order as follows:

> Plaintiff alleges that he began seeing blood in his urine in October 24, 2016, which continued for months.  After various alleged delays and extreme pain, Plaintiff received two surgeries in January 2017 and one in February 2017, both of which were unsuccessful.  The surgeon's prescription orders were not followed, and Plaintiff continued to experience pain and blood in his urine.  On April 19, 2017, Plaintiff went to healthcare because of the extreme pain.  Defendants Martin and Barbee (both

> medical technicians) allegedly "had issues" with Plaintiff
> because of Plaintiff's complaining about this problem.
> Plaintiff was refused care and fell as he walked out of the
> healthcare unit.  Defendant Martin told Plaintiff to "[G]et
> the fuck off the ground."  Defendant Martin then
> allegedly picked Plaintiff up and "body-slammed" Plaintiff
> into a wheelchair so hard that Plaintiff's rotator cuff was
> torn, along with other injuries.  Plaintiff had shoulder
> surgery in November 2018.
>
> Plaintiff states a plausible Eighth Amendment claim
> against Defendant Martin for excessive force and a claim
> for deliberate indifference to Plaintiff's serious medical
> need against Defendants Martin and Barbee.

[1/6/20 Merit Review Order, d/e 10.]  The Court dismissed the rest

of the defendants without prejudice for failure to state a claim

against them.

Plaintiff moves for leave to file an amended complaint.

Plaintiff's proposed amended complaint adds back in the seven

defendants dismissed in the merit review order and also adds

another nurse and the former IDOC director as defendants.

Leave to amend should be granted freely when justice

requires, Fed. R. Civ. P. 15, and the current Defendants do not

object to the amendment.  Plaintiff appears to be expanding his

challenge to include the lack of timely and adequate medical

treatment for his urinary condition and his shoulder injury.  These

are arguably part of the same series of occurrences in this case, so the amendment is allowed.  Affirmative defenses such as the statute of limitations or exhaustion may exist, but those decisions will await a motion by Defendants.

However, Plaintiff still states no claim against many of the defendants he seeks to reinstate or add.  There is no respondeat superior liability for constitutional violations.  In other words, bosses are not liable for the constitutional violations of their employees simply because they are the bosses.  Brown v. Randle, 847 F.3d 861, 865 (7th Cir. 2017)("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates.").  No plausible inference arises that former IDOC Director Baldwin or former IDOC Medical Director Shicker were personally responsible for the alleged lack of adequate medical care or excessive force.  Similarly, Wexford Health Sources, Inc., is not liable for its employees' constitutional violations simply because Wexford employs them. Woodward v. Correctional Medical Services of Illinois, Inc., 368 F.3d 917 (7th Cir. 2004)(corporate policy must be moving force behind constitutional violation).  And, Warden Watson is entitled to rely on the expertise of the medical

professionals.  Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.")(quoted cite omitted).  Warden Watson also does not violate the Constitution by not believing Plaintiff's version of events.  Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009)("Public officials do not have a free-floating obligation to put things to rights, . . . . ).  The individuals who witnessed the alleged excessive force, Nurse Springer and Officer White, are not liable solely because they were present when Defendant Martin used excessive force.  No plausible inference arises that Springer or White could have intervened to stop Defendant Martin.

Plaintiff's allegations in his amended complaint do state a plausible claim against Dr. Kayira, the doctor at the prison who allegedly delayed diagnosis and treatment of Plaintiff's urinary and shoulder conditions and, liberally construed, improperly substituted the medications ordered by Plaintiff's outside doctors. A plausible claim may also be stated against Director of Nursing Howard, who may have had some control over the treatment Plaintiff received, particularly the prescription substitution.

**IT IS THEREFORE ORDERED:**

1)      Plaintiff's motion for leave to file an amended complaint is granted. [21.]  The clerk is directed to separately docket the amended complaint.

2)      Defendants Foster, Shicker, White, Maske, Springer, and Baldwin, are dismissed for failure to state a claim against them. The clerk is directed to terminate said defendants.

3)      This case proceeds on the following claims:  (1) excessive force against Defendant Martin; and, (2) deliberate indifference to Plaintiff's serious medical needs regarding his urinary and shoulder conditions against Defendants Martin, Barbee, Dr. Kayira, and Director of Nursing Howard.

4)      The clerk is directed to serve Defendants Kayira and Howard pursuant to the standard procedures.

5)      Discovery is extended to February 26, 2021.

6)      The dispositive motion deadline is extended to March 31, 2021.

ENTERED:  12/1/2020
FOR THE COURT:

            **s/Colin Stirling Bruce**
            COLIN STIRLING BRUCE
            UNITED STATES DISTRICT JUDGE