# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA, ILLINOIS

| | |
|---|---|
| DWIGHT LONG, <br> Plaintiff, <br> V. | No. 19-C-03195 |
| TERRY MARTIN, etal., <br> Defendants. | HONORABLE Colin Sterling Bruce |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NOW COMES PLAINTIFF, DWIGHT LONG, pro se and Respectfully request leave to file motion for Amended complaint.

Grounds for this motion are as follows:

1) Plaintiff is indigent and currently incarcerated at GRAHAM CORRECTIONAL CENTER.

2) Under the Court's "Scheduling Order", the reason and explanations for this motion for leave to file an Amended complaint are as follows:

(A) ON THE ORIGINAL 42 U.S.C. § 1983 Complaint for on page (4) states, "THE COURT STRONGLY URGES THAT PLAINTIFF use only THE space provided".

(B) Plaintiff will truthfully, and to the best of his knowledge give more detail and on why other defendant's

dismissed without prejudice may be culpable in this complaint.

DEFENDANT's: DISMISSED WITH PREJUDICE

(1) WEXFORD HEALTH SOURCES, INC., IS IDOC's healthcare Vendor THAT PROVIDES THE CONTRACTED SERVICES IN A MANNER which complies WITH ILLINOIS CONSTITUTIONAL OBLIGATION TO PROVIDE medical And dental CARE TO ILLINOIS STATE PRISONERS.

(2) CRAIG FOSTER AS WARDEN of GRAHAM CORRECTIONAL CENTER, IS Also Chief ADMINISTRATIVE Officer, IS Responsible for ADMINISTRATING THE OVERALL OPERATION of THE INSTITUTION. HIS RESPONSIBILITIES include formulATING THE rules, REGULATIONS, And policies GOVERNING EMPloyees And offenders And ENSURING THE effective OPERATION of THE facility by COORDINATING And EVALUATING THE Security. HE is formerly EMployed by IDOC, And ACTING under COLOR of STATE LAW and in THE COURSE of his EMPloyment.

(3) DR. FRANCIS KAYIRA IS, AT All TIMES RELEVANT TO THIS lawsuit AS A licensed doctor TO PRACTICE IN THE STATE of Illinois. Defendant KAYIRA IS AN EMPloyee of Wexford, Staffed AT GRAHAM CORRECTIONAL CENTER, pursuant TO THE CONTRACT between IDOC And Wexford.

(4) DR. Louis SHICKER IS THE Medical DIRECTOR for IDOC and IS RESPONSIBLE for ENSURING THAT IDOC HEALTHCARE

policies, directives, and protocols are properly imple-
mented at all IDOC facilities. He is responsible for en-
suring that healthcare staff, including vendor staff,
are appropriated qualified. He is also responsible for
oversight for the Independent contractor, Wexford,
who was hired to provide healthcare personell and treat-
ment throughout the IDOC system. Shicker is under
color of state law.

(5) Defendant White, #5603, is at all times relevant to
this lawsuit, was a correctional officer at Graham
Correctional Center, employed by IDOC. He was assign-
ed to the healthcare unit as security. He is being sued
in his individual and official capacity and acting under
color of state law.

(6) Defendant T. Maske, is at all times relevant to this
lawsuit as a licensed nurse to practice in the state of
Illinois as an employee of Wexford, staffed at Graham,
pursuant to the contract between IDOC and Wexford.

(7) Stephanie Howard as Director of Nursing is respon-
sible for establishing oversight, monitoring, policies and
practices in healthcare to practice in the state of Illinois
and is an employee of Wexford staffed at Graham. This
is pursuant to the contract between IDOC and Wexford.

(8) Defendant Lindsay Springer is, and at all times relevant
to this lawsuit as a licensed nurse to practice in the

State of Illinois. As an employee of Wexford, staffed at Graham, pursuant to the contract between IDOC and Wexford.

(9) Defendant JOHN Baldwin was formerly the Director of IDOC at the time of this incident and is responsible for establishing, monitoring, and enforcing overall operations, policies, and practices of the Illinois State Prison System. This includes the provision of constitutionally adequate medical and dental care for all prisoners in the custody of IDOC. Baldwin is acting under color of State Law, and in the course of his employment.

FACTS THAT SUPPORT PLAINTIFF'S CASE:

Started urinating blood on 10-24-16. Went to healthcare and was told to urinate in a cup. Nurse Reeves did not believe this inmate and was told to urinate again in another cup, but this time in front o C/O Brown. Same results, and C/O Brown commented that it "Looked like tomato juice". He didn't want to watch. Was taken to St. John's Hospital, Springfield, Il, on 10-27-16 to Emergency Room. Was informed by Emergency Room attendant's, if urinating blood continued, I was to return within a week. Continued urinating blood and was not taken back. On 11-7-16, inmate was taken to Effingham, Il., urology clinic to see a Dr. Nayak. Dr. Nayak did exam of penis and prostate and sent paperwork back to the prison for healthcare to schedule appointment for "Procedure".

Inmate continued urinating blood and was denied healthcare on 11-16-16. On 11-22-16, still no appointment with Dr. Nayak. My sister, Mrs. Tonja Cole got involved and called prison officials. Continued to urinate blood, went to healthcare and was instructed by Nurse Reeves to urinate in cup. This time with C/O Hangel watching. Same results of bleeding and was told by Nurse Reeves it was probably "old blood" in my system. Spoke to Warden Polley on 12-2-16, and was told by him, even his insurance had long waiting periods. So, maybe urinating blood is not serious enough for a 66 year-old person. On 12-9-16, after numerous calls from inmate's family members, a "Scope Procedure" was done by Dr. Nayak. On 12-12-16, inmate was informed by prison Dr. Kayira, that a growth inside my bladder may be "tumorous". First grievance written on 11-4-16. Inmate was informed on 12-22-16 by prison healthcare, they were waiting approval from Wexford Health Sources, Inc. Medication prescribed by prison healthcare for urinating blood were as follows: (1) Bactrim DB, (2) Cipro, and (3) Oxybutyn 5mg, all which made inmate bleed even more.

Surgery finally approved on 1-5-17, and was performed on 1-11-17 at St. Anthony's Hospital, Effingham, Il., by Dr. Nayak. When given medications to take after surgery by Dr. Nayak, prison healthcare said inmate had to take medication provided by them and not attending physician, Dr. Nayak. Started urinating blood again and back to healthcare on 1-25-17. On 1-26-17, back to

Effingham, Il. for ANOTHER "Surgery Procedure" by Dr. Nayak. AGAIN TAKING medication from prison healthcare, NOT Dr. Nayak. Admitted TO prison infirmity ON 1-27-17 THRU 2-1-17. Start urinating blood AGAIN. THIS TIME INMATE SENT TO St. John's Hospital, Springfield, Il., per Dr. Nayak's INSTRUCTIONS ON 2-8-17. Surgery done ON 2-9-17. Released from hospital, back TO prison infirmary Only TO BE TOld THE SAME THING, "TAKE medication we give you, NOT MEDICATION from Dr. Nayak." ON 4-1-17, INMATE AGAIN NOT properly urinating. INMATE SPOKE WITH prison healthcare on 4-2-17 and WARDEN FOSTER ON 4-6-17 AbouT urinary problems TO NO avail. INMATE's SISTER, MRS. SONJA COLE CONTINUES TO TALK WITH prison officials including DIRECTOR of NURSING, STEPHANIE HOWARD. ON 4-9-17, CONTINUED TO SPEAK WITH healthcare about urinary problems. On 4-10-17, WAS TOLD by healthcare THAT I WAS TO INJECT "LINACARE" INTO my PENIS PER DR. NAYAK's ORDERS. AT THIS TIME I WAS NOT Able TO urinate because my PENIS WAS swollen shut And my abdomen WAS Also swollen. I WAS AGAIN Admitted TO THE prison infirmary WHERE TERRY MARTIN TRIED TO Administer THE "LINACARE" WITH NO SUCCESS. THEN NURSES MARY And LINDSAY Springer TRIED TO INSERT 3 different SIZES of CATHATERS And THEY couldn't GET THEM TO WORK. I TOLD boTH of THEM, "Now does IT SEEM AS THOUGH I'm lying TO you About NOT GETTING THE "LINACARE" IN my PENIS?" THEY felt AS THOUGH I had lied TO THEM.

ON 4-19-17, THIS INMATE WAS IN SUCH SEVERE PAIN IN my abdomen and PENIS, THAT THE HOUSING UNIT OFFICER

where I lived called healthcare. Healthcare came to pick me up in a wheelchair. Upon arriving at healthcare, 4-19-17, healthcare staff, Terry Martin and Kimberly Barbee started to berate this inmate for complaining about my medical issue. After this confrontation, this inmate walked out of healthcare with no medical attention. After taking about four or five steps outside healthcare, this inmate collapsed to the ground in severe pain. Within a couple of minutes, CMT Martin, Lindsay Springer, and Mary came out with a wheelchair. CMT Martin told this inmate to, "Get the fuck off the ground", "Get the fuck off the ground". I explained to Martin the pain I was in. Obviously he didn't care and began to pick this inmate off the ground and with his whole body weight, body-slammed this inmate into the wheelchair, injuring my back and right shoulder.

The persons that witnessed this physical and injurious assault among others, are Lindsay Springer, Mary, C/O White, security for healthcare and Tim (Physician Assistant at Graham). The others will not come forward because their "code" is not to speak against each other, when it comes to a convict. I was taken back inside healthcare where Director of Nursing Stephanie Howard started talking disrespectfully to this inmate in front of C/O White who was at his security desk. They called a Lt. Miles who tried to calm the situation and instructed this inmate to return to my unit. After all of this, this inmate still had to return to

healthcare and be admitted to prison infirmiry at
1:00 P.M. on this date, 4-19-17. On 4-25-17, this inmate
was to recieve a fifth surgery for urinating blood.
When I got to the hospital, I informed Dr. Nayak
of the problems that I had incurred from the prison
healthcare staff by not following his medication
and aftercare procedures. Dr. Nayak informed this
inmate that he would take care of this inmate
correctly before returning to the prison. I spent a
few more days at the hospital and have not had any
complications from urinating blood since.

Now I had x-rays done on my right shoulder on
5-8-17 and was told by Dr. Kayira, I have arthritis.
I explained to Dr. Kayira I know what arthritis is, but
this is not that. At this time I was not able to
lift five pounds. My shoulder and neck were very
painful and uncomfortable when I try to sleep. May
11, 2017, this inmate filed assault charges with internal
affairs at the prison, against CMT Terry Martin. I
even asked to take a polygraph since all persons in-
volved said this assault never happened. Assault
charges were filed by this inmate to Warden Clair Foster,
to inform him of what happened and I never recieved a
response from him. I also filed with the Inspector
General of Illinois, Illinois State Police, Montgomery
County Sheriff's Department, and the Govenor's office.
I have yet to recieve a reply from anyone.

June 2, 2017, I was given medication for my

injured back and injured right shoulder which was Robaxin and Naproxen. None of these medications helped with the pain. April 23, 2018, another x-ray of my right shoulder done. April 26, 2018, given Robaxin again for my back to no avail. None of these medications work, but Dr. Kayira continues to prescribe them. On May 12, 2018, a different doctor from IDOC examined my shoulder and said I may have a torn rotator cuff. All this time has passed and was never examined like this by Dr. Kayira. All he does is tell you what he thinks it is with no examination. This IDOC doctor put in a collegial and on 5-27-18 this inmate was examined by Dr. Yusef of Carlinville, Il. I was administered cortisone shots for my shoulder by Dr. Yusef. They only lasted for two days. On 7-31-18, this inmate spoke with Director of Nursing Stephanie Howard and Dr. Kayira about shoulder problems and they acted as if they knew nothing of this situation. August 15, 2018, I was informed by Dr. Yusef that I need shoulder surgery and recommended Dr. Tracy Painter of Litchfield, Il. August 17, 2018, Dr. Kayira informed this inmate, I had no shoulder problem. This shows the deliberate indifference of this prison staff when they are at fault and when a prisoner's health is at stake. September 5, 2018, Dr. Tracy Painter gave this inmate cortisone shots for shoulder and discussed my surgery options. November 19, 2018, shoulder surgery performed by Dr. Painter (torn rotator cuff, torn labrum, & torn biceps muscle).

Once back to prison infirmary, pain medication pre-
scibed by Dr. Pauter was NOT GIVEN TO THIS INMATE.
THE STAFF of healthcare gave me tylenol. More pain
And suffering due to THE incompetence of healthcare
And again, deliberate indifference TO THE Needs of this
INMATE. I was not Able to sleep because of the pain
And suffering for almost four months. Had a sling to
wear for my shoulder and had to sleep on my back only
for this time period.

Under Right to Remedy And Justice, every per-
son shall find A certain remedy in THE Laws for all
injuries And wrongs, which I recieved to my person
And privacy. Under THE Unified Code of Corrections,
730 ICLS 5/1-1-2, ITS purpose Are to prevent Arbitrary
or oppressive Treatment of persons adjudicated
offenders.

3) Plaintiff prays to THE Court, your Honor, THAT my
incarceration does not affect THE Courts "Scheduling
Order" deadlines. I will do everything in the power
THAT GOD gives me to provide And produce effectively,
THE Court's wishes.

4) Plaintiff respectfully request the Court direct THE
Defendant's TO Answer as well as grant THIS Motion
for Leave to file THE Amended Complaint.

5) Plaintiff sincerely apologizes to the Court for Amended Complaint due to not having space for everything contained for original complaint.

6) Plaintiff brings this Motion in good faith and not to undermine the Court or Defendant's Counsel.

7) Plaintiff respectfully request this Court grant Plaintiff Leave to file this Amended Complaint.

OFFICIAL SEAL
CHRISTOPHER CALDERINI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/18/23

Respectfully Submitted,

Dwight Long #S-15203
Graham Correctional Center
12078 Illinois Rt. 185
Hillsboro, Illinois 62049