IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DWIGHT LONG,<br><br>Plaintiff,<br><br>v.<br><br>TERRY MARTIN, *et al.*,<br><br>Defendants. | Case No. 19-cv-3195<br>Honorable Colin Sterling Bruce |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Terry Martin and Kimberly Barbee, by and through their attorney, Kwame Raoul, Illinois Attorney General, hereby answer Plaintiff's complaint as follows:

### ALLEGATIONS ENUMERATED IN COURT ORDER DATED DECEMBER 1, 2020

1.  Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court found that Plaintiff states the following constitutional claims: (1) an Eighth Amendment claim for excessive force against Defendant Martin; and (2) Eighth Amendment claims for deliberate indifference to serious medical needs against Defendants Martin, Barbee, Dr. Kayira, and Director of Nursing Howard. (ECF No. 29.)

**RESPONSE: Defendants Martin and Barbee deny that they violated Plaintiff's Eighth Amendment rights, and deny any wrongdoing.**

### REQUESTED RELIEF

**RESPONSE: Defendants deny that Plaintiff is entitled to his requested relief.**

### JURY DEMAND

Defendants request a trial by jury in this matter.

## **AFFIRMATIVE DEFENSES**

1. To the extent that Plaintiff has failed to exhaust all administrative remedies, his claims are barred by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a).

2. At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

3. To the extent Plaintiff's claims for relief accrued more than two years prior to the initiation of this case, they are barred by the applicable statute of limitations.

4. Under the Eleventh Amendment, Plaintiff's claims for monetary damages against the Defendants in their official capacities are barred by sovereign immunity.

5. To the extent Plaintiff's allegations require the invalidity of any sentence or discipline that resulted in the loss of good time credit, these allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Dated: January 29, 2021

Respectfully Submitted,

KWAME RAOUL
*Illinois Attorney General*

*/s/ Abigail E. DeHart*
ABIGAIL E. DEHART
*Assistant Attorney General*
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-0996
adehart@atg.state.il.us

Counsel for Defendants

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 29, 2021, she electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Central District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

The undersigned also hereby certifies that on January 29, 2021, she caused a copy of the foregoing document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

**Dwight Long**
**S15203**
**Graham Correctional Center**
**12078 Illinois Route 185**
**Hillsboro, IL 62049**

/s/ *Abigail E. DeHart*
Abigail E. DeHart