IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DWIGHT LONG,<br><br>Plaintiff,<br>v.<br>TERRY MARTIN, *et al.*,<br><br>Defendants. | Case No. 19-cv-3195<br>Honorable Colin Stirling Bruce |

### IDOC DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants Terry Martin, Stefanie Howard, and Kimberly Barbee ("IDOC Defendants"), by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, pursuant to Federal Rule of Civil Procedure 56 and Central District of Illinois Local Rule 7.1(D)(3), file their reply brief in support of their motion for summary judgment and in support thereof, state the following:

### REPLY TO ADDITIONAL MATERIAL FACTS

On July 9, 2021, Plaintiff filed his "responses to IDOC Defendants' Motion for Summary Judgment." (ECF No. 59-2, at 15–22.) In this response, it does not appear that Plaintiff included additional material facts to IDOC Defendants' motion for summary judgment. (ECF Nos. 52, 59.) Should Plaintiff identify additional material facts within his filings, IDOC Defendants request the opportunity to respond.

### ARGUMENT

Summary judgment is appropriate because: (1) the statute of limitations has run on Plaintiff's claim regarding deliberate indifference related to his urinary condition, (2) no reasonable jury could find that Defendants were deliberately indifferent toward Plaintiff's medical

needs (3) Plaintiff's excessive force claim against Defendant Martin is barred under *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), and there is no genuine issue of material fact as to whether Defendant Martin used excessive force, and (4) IDOC Defendants are entitled to qualified immunity on all claims.

Plaintiff's claim related to his urinary condition is barred by the statute of limitations (*see* ECF Nos. 50, 52), but even if it were not, the record is clear that Plaintiff was consistently given medical care by IDOC Defendants and Dr. Kayira. Plaintiff contends that Dr. Kayira failed to conduct an adequate examination of Plaintiff's urinary condition and that this amounted to deliberate indifference. (ECF No. 59-2, at 19). But between October 2016 and April 2017, Plaintiff had five different procedures performed at outside hospitals, and all Defendants ensured Plaintiff received the care he needed to eventually cure his hematuria. (ECF No. 52 at 13.) Likewise, throughout the period of time that Plaintiff complained of injuries to his back and shoulder, medical records show that Plaintiff was being treated for his pain, first through physical therapy and pain medication, and eventually through surgery. (*Id.* at 15.)

Plaintiff did not respond to IDOC Defendant's argument that his excessive force claim is barred by *Heck v. Humphrey*. Rather he contends that Defendant Martin and Barbee are lying and conspired to cover up the alleged force incident. (ECF No. 59-2, at 19–20.) But if the prison officials were lying about what happened, it would necessarily imply the invalidity of the hearing officer's decision. Further, any allegations that the hearing officer was not impartial would also be barred. *See Lusz v. Scott*, 126 F.3d 1018, 1022–23 (7th Cir. 1997) (holding that allegation that hearing officer was biased, if proven, would necessarily imply the invalidity of the underlying finding because "convictions entered by partial judges are always set aside."). Similarly, Defendants are entitled to judgment as a matter of law because, as Plaintiff's reply makes clear,

there is no admissible evidence Plaintiff can offer to show that Defendant Martin used excessive force.

Plaintiff also contends that IDOC Defendants are not entitled to qualified immunity because "they are being sued in their individual and official capacity and acting under the color of state law." (ECF No. 59-2, at 22.) Plaintiff's conclusion of law is wrong. IDOC Defendants are entitled to qualified immunity because at all relevant times during the conduct alleged in Plaintiff's complaint, IDOC Defendants were public officers performing discretionary functions. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).

## CONCLUSION

Defendants respectfully request that this Honorable Court grant summary judgment in their favor, and for any further relief the Court deems reasonable and just.

Dated: July 19, 2021            Respectfully Submitted,

KWAME RAOUL
*Illinois Attorney General*

*/s/ Abigail E. DeHart*
ABIGAIL E. DEHART
*Assistant Attorney General*
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
*abigail.dehart@illinois.gov*

Counsel for Defendants

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 19, 2021, she electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Central District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

The undersigned also hereby certifies that on July 19, 2021, she caused a copy of the foregoing document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

**Dwight Long**
**S15203**
**Graham Correctional Center**
**12078 Illinois Route 185**
**Hillsboro, IL 62049**

/s/ *Abigail E. DeHart*
Abigail E. DeHart