UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DWIGHT LONG, ) | |
| Plaintiff, ) | |
| v. ) | No. 19-CV-3195 |
| ) | Honorable Judge Colin S. Bruce |
| TERRY MARTIN. ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO RE-OPEN DISCOVERY

**NOW COMES** Plaintiff Dwight Long, hereinafter referred to by Plaintiff, his attorneys, Sara Trevino and Christopher Bailey, hereby file this Motion for Leave to Re-Open Discovery and in support states:

1. On August 13, 2019, Plaintiff filed his Original Complaint.

2. Discovery is currently closed in this cause.

3. Plaintiff is incarcerated and was acting pro se in this cause until the court appointment of Sara Trevino and Christopher Bailey on August 22, 2022.

4. Plaintiff was significantly disadvantaged in his ability to conduct meaningful discovery and to this date has been unable to depose the Defendant.

5. Plaintiff's prior status as an inmate at Graham Correctional Center and current status as an inmate at Pinckneyville Correctional Center restricted his ability to conduct said depositions from a logistical and financial standpoint.

6. Plaintiff seeks to re-open discovery in this cause given that representation by counsel will allow him to properly investigate the facts for proper preparation and presentation of the case at trial.

**7.** Plaintiff will be significantly prejudiced and disadvantaged if discovery is not re-opened, because his recently appointed counsel will be placed in the difficult position of cross-examining witnesses with limited knowledge of the facts and substance of their testimony and reliability thereof.

**8.** In the interest of justice, Plaintiff prays that the Court grant him leave to re-open discovery for the limited purpose of obtaining:

- **(a)** The depositions of Defendant Martin, any expert witness disclosed by the Defendant and one other defense witness to be selected once defense witnesses have been identified

- **(b)** Transcripts of any and all depositions taken in this cause of action to this date, not already provided;

- **(c)** The identity of all persons with knowledge or information relating to the allegations in the Complaint;

- **(d)** The names and addresses of the individuals the Defendant may use to support or defend his position during trial, even if said individuals will not ultimately testify at trial;

- **(e)** Written policies and procedures of Graham Correctional Center, including but not limited to Handbooks and Codes of Conduct, concerning the use of force;

- **(f)** Written policies of the Graham Correctional Center concerning inmate requests for medical treatment;

- **(g)** Written policies and procedures of Graham Correctional Center and associated entities, including but not limited to healthcare providers, related to the treatment, care, or handling of inmates seeking or receiving medical attention;

- **(h)** Any other documents which were circulated between the parties as part of discovery or disclosures prior to the undersigned entering their appearance as Plaintiff's counsel;

- **(i)** Any and all incident and investigation reports produced in the investigation of Plaintiff's allegations or in preparation for the trial of this matter;

- **(j)** Any and all documents concerning Defendant's disciplinary history at Graham Correctional Center, including but not limited to disciplinary reports, suspensions, and ethical violations;

**(k)** Any video or photographs concerning the incident;

**(l)** Copies of any documents or exhibits which may be used at trial;

**(m)** The name of the custodian of records for any and all documents that may be admitted or used at trial;

**(n)** All mandatory disclosures under Federal Rule of Civil Procedure 26, including but not limited to, the identification of any relevant witnesses and identification and production of relevant documents.

9. Plaintiff brings this motion before having the opportunity to fully investigate the case facts and may file a supplemental motion in the event additional items are needed for reasonable discovery.

**WHEREFORE**, for the above and foregoing reasons, Plaintiff respectfully requests this Court grant this Motion to Re-open Discovery and grant any additional relief this Court deems just and reasonable.

Respectfully Submitted,

Dwight Long

By: /s/ Sara Trevino

By: /s/ Christopher Bailey

Attorneys for Dwight Long
Sara M. Trevino
Christopher Bailey
University of Illinois College of Law
Federal Civil Rights Clinic
504 E. Pennsylvania Avenue
Champaign, Illinois 61820
saramt3@illinois.edu
cab12@illinois.edu

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DWIGHT LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 19-CV-3195 |
| | ) |
| TERRY MARTIN. | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022, I filed an electronic copy of the foregoing PLAINTIFF'S MOTION FOR LEAVE TO RE-OPEN DISCOVERY through the CM/ECF system at the address of Defendant's attorneys below:

Remy Taborga
Assistant Attorney General, Prisoner Litigation
Office of the Illinois Attorney General
1776 East Washington Street
Urbana, Illinois 61802
Office: (217) 278-3332
Cell: (217) 843-0345
Email: alan.taborga@ilag.gov

Respectfully Submitted,

By: /s/ Sara Trevino

By: /s/ Christopher Bailey

Attorneys for Dwight Long
Sara M. Trevino
Christopher Bailey
University of Illinois College of Law
Federal Civil Rights Clinic
504 E. Pennsylvania Avenue
Champaign, Illinois 61820
saramt3@illinois.edu
cab12@illinois.edu